## No. 850.

### JOHN J. HOPE VS. HEFFNER, SHFF., ET ALS.

Where a surety to an appearance bond injoins the sale of his property, which had been seized to satisfy a judgment of forfeiture of the bond, on the ground that he had surrendered his principal after such judgment was rendered, and it appears the

surrender was made several years after the judgment of forfeiture, the injunction will be dissolved and damages inflicted.

The inferior court that rendered the judgment of forfeiture must hear and determine whether that judgment should be set aside in consequence of the surrender of the prisoner.

*Quære:* Will a long delayed surrender of a prisoner, made after a judgment of forfeiture has been rendered, and after that judgment has been attacked unsuccessfully entitle the parties to an appearance bond to have the judgment upon it set aside.

APPEAL from the District Court for Caddo.    BOARMAN, J.

*Hicks & Hicks*, and *Leonard* for Plaintiff.    *Land & Taylor* for Defendants Appellants.

In November, 1867, R. W. Snow was arrested in Ouachita Parish, charged with forgery, and in February following was released on bail, John J. Hope being his security.   Snow did not appear to answer the charge, and his bond was forfeited in December 1870, and judgment rendered against him and his surety.   They appealed to the Supreme Court and the judgment was affirmed.   State *v.* Snow, 23 La. Ann. 596.

Hope lived in Caddo.    On March 14, 1872, a writ of *fieri facias* issued upon this judgment which the sheriff of Caddo returned without having executed it.    An *alias* writ was issued February 16, 1877, under which Hope's property was seized, and he injoined its sale in the District Court for Caddo, setting up as causes of nullity of the judgment of forfeiture, want of jurisdiction of the Ouachita court *ratione personae*, and the want of citation or notice.

The defendant pleaded that the decree of the Supreme Court upon the judgment of forfeiture concluded Hope's liability as surety.

The defendants had judgment below dissolving the injunction, with $100 special damages for attorney's fees.   Hope moved for a new trial on the ground that he had already surrendered his principal, who had been tried and discharged.   The new trial was granted, and the injunction was perpetuated, and the defendants appealed.

MARR, J.   We have no power to disregard the decree of the Supreme Court.   It is final, it concludes Hope, and we think it was in all respects correct.

We are not prepared to say that the surety, in such a case as this may be released from a judgment of forfeiture.   For ten years,

Mayor and Council *vs.* Cain.

Snow had evaded the process of the law. Hope was his brother-in-law; and he was also his keeper and custodian. That he knew where to find Snow is evident, since he did find him, at his residence, at Coushatta, in a neighboring parish; and managed to get him to Ouachita and have the indictment against him quashed. Shortly after the judgment of forfeiture, Hope attacked it, and finally appealed to this court, which affirmed the judgment of the District Court, condemning him as surety to pay the amount of the bond.

He made no attempt to relieve himself, in the mode pointed out by law by surrendering his principal; and it was only after his injunction against the execution of the judgment had been dissolved with damages that he made the surrender.

We do not know why execution was not issued against Hope, from May, 1872, when the first writ was returned, until February, 1876.

While we express no opinion as to the effect of the surrender of Snow, by Hope, in December, 1877, as a means of obtaining a satisfaction or discharge of the judgment of forfeiture, we entertain no doubt as to the tribunal which alone, on proper proceedings, could deal with and decide that question. The judgment of forfeiture was rendered in the District Court of Ouachita; and the District Court of Ouachita alone has power and authority to entertain jurisdiction of, and to determine whether this tardy surrender of the principal by the surety, entitles the surety to be relieved of that judgment. So long as that judgment remains, and continues in force, it must be accepted as conclusive; and the District Court erred in perpetuating the injunction, and in entertaining any question or inquiry as to the effect of the surrender upon the rights of defendants in injunction to enforce that judgment by execution.

*Judgment reversed, injunction dissolved, with $100 damages.*